United States District Court
Southern District of Texas

**ENTERED**

May 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMBROSE ONWUKA, | § | |
| | § | |
| *Petitioner,* | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-1406 |
| | § | |
| PAMELA BONDI, ET AL., | § | |
| | § | |
| *Respondents.* | § | |

## ORDER

Before the Court is Petitioner's Emergency Motion to Reconsider and Clarify (ECF No. 11). Having considered the briefing and oral argument of Parties, the Court rules as follows.

Due process requires that Petitioner be afforded sufficient notice and a meaningful opportunity to challenge his removal to Sierra Leone, or any other country where he believes he is at risk for persecution, torture, or refoulment. *See, e.g.*, *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1068-69 (W.D. Wash. Nov. 17, 2025); *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. Nov. 6, 2025); *Sagastizado v. Noem*, 803. F. Supp. 3d 992, 1008 (S.D. Tex. Oct. 2, 2025). Specifically, the Court concludes that both Petitioner and Petitioner's counsel must be provided with written notice of the intended country of removal. Petitioner must then have a meaningful opportunity to pursue fear-based relief from removal with respect to that country, consistent with the opportunity he would be afforded in standard removal proceedings. Respondents must allow Petitioner reasonable time to prepare to seek this protection, as well as reasonable time to seek administrative review of any decision denying Petitioner protection.

Petitioner's Emergency Motion to Reconsider and Clarify (ECF No. 11) is therefore **GRANTED IN PART.** Because Petitioner has not received adequate process to allow his lawful

removal to Sierra Leone, his removal is not reasonably foreseeable at this time and his immediate release is warranted.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained a travel document allowing for Petitioner's removal from the United States and Petitioner has been afforded a meaningful opportunity to challenge any third-country removal as outlined in this Order.

5. If Respondents seek to remove Petitioner to a third country, both Petitioner and Petitioner's counsel must be provided with written notice of the intended country of removal. Petitioner must then have a meaningful opportunity to pursue fear-based relief from removal with respect to that country, consistent with the opportunity he would be afforded in standard removal proceedings. Respondents must allow Petitioner reasonable time to prepare to seek this protection, as well as reasonable time to seek administrative review of any decision denying Petitioner protection.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 28th day of May, 2026.

 

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE